

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   MONICA E. RYAN
3  Assistant U.S. Attorney
   United States Courthouse
4  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
5  Telephone: 520-620-7300
   Email: monica.ryan@usdoj.gov
6  Attorneys for Plaintiff

7              IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

9  United States of America,
                                    CR23-01967-TUC-RM (BGM)
10             Plaintiff,

11       vs.                        PLEA AGREEMENT

12  Francisco Ricardo Orozco,

13
               Defendant.
14

15       The United States of America and the defendant agree to the following disposition

16  of this matter:

17                              PLEA

18       The defendant agrees to plead guilty to Counts One and Two of the Indictment

19  charging the defendant with violations of Title 18, United States Code, Section 554(a),

20  Smuggling Goods from the United States, a felony offense, and Title 18, United States

21  Code, Section 933(a)(2), Felony Receipt of a Firearm, a felony offense, respectively.

22  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the remaining

23  count of the Indictment at the time of sentencing. The defendant also agrees not to contest

24  the Forfeiture Allegation in the Indictment.

25                       ELEMENTS OF THE OFFENSES

26  The elements of Smuggling Goods from the United States are that:

27       (1) The defendant knowingly attempted to export from the United States any

28           merchandise, article, or object;

(2) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States; and

(3) The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

The elements of Felony Receipt of a Firearm are that:

(1) The defendant knowingly received from another person any firearm in or otherwise affecting interstate commerce;

(2) The defendant knew or had reasonable cause to believe that such receipt would constitute a felony, to wit: Title 18, United States Code § 922(g)(1), Possession of a Firearm by a Convicted Felon; and

(3) The firearms affected commerce in that they were previously transported into the state of Arizona from another state or foreign country.

## Maximum Penalties

The defendant understands and agrees that a violation of 18 U.S.C. § 554(a), Smuggling Goods from the United States, is punishable by a maximum fine of $250,000.00 or a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant understands and agrees that a violation of 18 U.S.C. § 933(a)(2) and (b), Felony Receipt of a Firearm, is punishable by a maximum fine of $250,000.00 or a maximum term of fifteen (15) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant further understands and agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines. The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of

1 sentencing unless the defendant is indigent. If the defendant is indigent, the special
2 assessment will be collected according to Title 18, United States Code, Chapters 227 and
3 229.

4     The Court is required to consider the Sentencing Guidelines in determining the
5 defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is
6 free to exercise its discretion to impose any reasonable sentence up to the maximum set by
7 statute for the crime(s) of conviction, unless there are stipulations to the contrary that the
8 Court accepts.

## Immigration Consequences

10     The defendant recognizes that pleading guilty may have consequences with respect
11 to the defendant's immigration status if the defendant is a recently naturalized United States
12 citizen or is not a citizen of the United States. Under federal law, a broad range of crimes
13 are removable offenses, including the offense(s) to which the defendant is pleading guilty.
14 Although there may be exceptions, the defendant understands that the defendant's guilty
15 plea and conviction for this offense make it practically inevitable and a virtual certainty
16 that the defendant will be removed or deported from the United States. The defendant
17 agrees that the defendant has discussed this eventuality with their attorney. The defendant
18 nevertheless affirms that the defendant wants to plead guilty regardless of any immigration
19 consequences that this plea entails, even if the consequence is the defendant's automatic
20 removal from the United States.

21                         AGREEMENTS REGARDING SENTENCE

22     1.    Stipulations regarding sentencing. Pursuant to Fed. R. Crim. P. 11(c)(1)(C),
23 the parties agree that:

24         a.    Any prison sentence shall not exceed the low-end of the final advisory
25 Sentencing Guidelines Range;

26         b.    The parties agree that the defendant was an average participant in the
27 offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2;

28

  c. The parties agree that the advisory Sentencing Guidelines calculation shall include a two-level enhancement for using a minor to commit a crime, under U.S.S.G. § 3B1.4;

  d. The parties agree that any specific offense characteristics pursuant to U.S.S.G. § 2K2.1 that are not explicitly stipulated to as part of the elements of the offense, in the factual basis, nor elsewhere in this plea, may be contested by either party at sentencing;

  e. The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea;

  f. Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

 2. <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

 3. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

 4. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The

defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

5. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

6. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture, Civil, and Administrative Proceedings

a. Defendant acknowledges the foregoing assets have been administratively forfeited by the U.S. Department of Homeland Security, U.S. Customs and Border Protection: one Panther Arms AR-15 rifle bearing serial number FFH278101, one Pioneer Arms AK-47 rifle bearing serial number PAC1188814, one Zastava Arms AK-47 rifle bearing serial number Z70-154888, one Palmetto State Armory AK-47 rifle bearing serial number AKB072281, two Century Arms AK-47 rifles bearing serial numbers SV7129019 and SV7139332, one Century Arms AK-47 pistol bearing serial number SV7P012624, one Mini Draco AK-47 pistol bearing serial number PD-46662014, one Pioneer Arms AK-47 pistol bearing serial number PAC23PL11743, nine 7.62 x 39 mm 30-round magazines, two 7.62 x 39 mm drum magazines, and one 5.56 mm 30-round magazine.

b. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture of the assets in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

c. Defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets.

d. Defendant knowingly and voluntarily agrees and understands the administrative forfeiture of the assets listed above shall not be treated as satisfaction of any

assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

  e. Defendant further agrees and understands that the government will dispose of the assets as authorized by law, which may include destruction of the seized items. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant

1  agrees that this case shall, upon motion of the government, be remanded to the district court
2  to determine whether the defendant is in breach of this agreement and, if so, to permit the
3  government to withdraw from the plea agreement. This waiver shall not be construed to
4  bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial
5  misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that the stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any potential sentence referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offenses beyond a reasonable doubt, but this is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

On November 1, 2023, in the District of Arizona, the defendant, Francisco Ricardo Orozco, attempted to exit the United States and enter Mexico through the DeConcini Port of Entry in Nogales, Arizona. Defendant was in a vehicle of which he was the driver and registered owner, with his wife riding in the front passenger seat and their three minor children in the back seat. Customs and Border Protection officers referred the defendant to secondary for inspection. A search of the vehicle revealed a total of nine firearms, nine 7.62 x 39 mm 30-round magazines, two 7.62 x 39 mm drum magazines, and one 5.56 mm 30-round magazine concealed behind the rear passenger seat where the defendant's three minor children were sitting.

After being advised of his *Miranda* rights, the defendant admitted that he was supposed to be paid $250 per firearm upon delivery in Mexico, and that there was a total of nine firearms in the car. Defendant also admitted that he knew it was illegal to smuggle firearms from the United States to Mexico, and that he did not have an export license. Smuggling firearms from the United States without an export license is a prosecutable felony offense.

The firearms that the defendant smuggled and intended to export to Mexico are designated on the United States Commerce Control List as prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the attempted export of the firearms had a license or any other lawful authority to export them from the United States into Mexico.

The defendant was previously convicted of a felony drug offense in Pima County Superior Court.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

Date: 12/19/24

*[signature]*
FRANCISCO RICARDO OROZCO
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 12/19/24

JESSICA MURILLO
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Date: 12/19/24

MONICA E. RYAN
Assistant U.S. Attorney